# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 725 | **DATE** | 12/11/2002 |
| **CASE TITLE** | REINKE, ET AL vs. CLUXTON, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing re-set for 2/27/2003 at 10:00 A.M...

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Motion (4-1) to dismiss is granted. Plaintiff is given leave to file an amended complaint by 01/02/03. Motion to dismiss, if any, due by 1/23/02. Answer brief due 2/6/03. Reply to answer brief due 2/13/03. Status set for 12/17/02 is stricken.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | Document Number |
| | No notices required. | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | DEC 16 2002 date docketed |
| ✓ | Docketing to mail notices. | 16 |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | DEC 16 2002 date mailed notice |
| DW courtroom deputy's initials | | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

REINKE + ASSOCIATES ARCHITECTS INC., an Illinois corporation, and STEMBRIDGE BUILDERS, INC., an Illinois corporation,

Plaintiffs,

v.

RICK CLUXTON, individually, CLASSIC CARPENTRY, INC., an Illinois corporation, JONATHAN A. BIERITZ, individually and d/b/a JB ARCHITECTURE GROUP, INC., and STEVEN SCHERRER, individually,

Defendants.

No. 02 C 0725
Judge James B. Zagel



## MEMORANDUM OPINION AND ORDER

Reinke + Associates Architects Inc. and Stembridge Builders have sued various defendants for copyright infringement under the Copyright Act and unfair competition under the Illinois Consumer Fraud and Deceptive Business Practice Act. Defendants Bieritz and JB Architecture Group have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendants argue that: (1) both claims are precluded by their respective statutes of limitations, (2) plaintiffs have failed to state a copyright infringement claim under the Copyright Act, and (3) the Copyright Act precludes the unfair competition claim. Before I address the unfair competition issue, I must address whether plaintiffs have a valid claim for copyright infringement. But before I address either of these issues, I must first address the statute of limitations issues, which may render the former issues moot.



Statute of Limitations

Defendants argue that respective statutes of limitations preclude both counts because the claims arose more than three years prior to the filing of the complaint on January 29, 2002. The Copyright Act mandates the commencement of an infringement action within three years following the accrual of a cause of action. 17 U.S.C. § 507(b). Similarly, the applicable statute of limitations of a claim of unfair competition in Illinois is three years. *Kitchen Connection, Inc. v. The Pampered Chef, Ltd.*, No 98C4321, 1999 WL 1101231, *5 (N.D. Ill. Dec. 1, 1999). Although it may be true that the last possible infringing act by either Bieritz or JB occurred more than three years before the filing date of this suit, the question is whether the plaintiffs could have reasonably discovered the infringement prior to January 29, 1999. Although defendants are correct that the facts of *Taylor v. Meirick* are quite different from the present case, I hold that the case stands for the general equitable estoppel proposition that "it should be enough [and thus is enough] to toll the statute of limitations that a reasonable man would not have discovered the infringement." 712 F.2d 1112, 1118 (7th Cir. 1983); *see also Forster Music Publisher, Inc. v. Price Stern Sloan, Inc.*, No. 93C4487, 1995 WL 239093, *2 (N.D. Ill. April 21, 1995) (finding the same proposition in *Taylor*). Here, I must accept as true the plaintiffs' allegation that they did not discover the infringement until September of 1999, thus tolling the statute of limitations until this date. Based on the limited factual development of this case to this point, there is nothing in the record that suggests I am straining to find that a reasonable person in the plaintiffs' shoes would not have discovered the infringement prior to when they claim to have discovered it. Therefore, I hold that the respective statutes of limitations do not preclude both counts.

2

Count I: Copyright Infringement

Defendants argue that plaintiffs have failed to state a copyright claim because they have failed to identify the infringed works, have failed to allege copying and access, and have failed to allege publication. In order to state a claim of copyright infringement, a complaint need allege only ownership, registration, and infringement. *Sweet v. City of Chicago*, 953 F.Supp. 225, 227 (N.D. Ill. 1996).[1] Other details of the claim may be obtained by discovery. *Id.*

Here, regardless of whether plaintiffs have sufficiently alleged ownership or registration, there is a serious problem regarding their allegation of infringement. In response to the defendants' motion, plaintiffs admitted that their Complaint contained a misnomer identifying the infringing work as being located at 2729 Gateshead Drive rather than its actual address at 3520 White Eagle Drive. Plaintiffs claim that this misnomer is not sufficient to establish grounds for dismissal, but they are mistaken because "submissions in a response brief are not enough to cure the defects in a deficient complaint." *Id.* at 230. By their own admission, plaintiffs have thus conceded that their Complaint identifies as an infringement something that is not an infringement.

*Sweet*, a case to which both sides refer repeatedly, has a solution to this dilemma. Faced with a similar situation of a complaint not setting forth facts showing that the copyright was

---

[1] It appears that the legal standard set forth in *Sweet* for surviving a motion to dismiss a charge of copyright infringement is slightly different than the standard set forth in *Harris Custom Builders, Inc. v. Hoffmeyer*, 92 F.3d 517 (7th Cir. 1996), and *Lee v. Deck the Walls, Inc.*, 925 F. Supp. 576 (N.D. Ill. 1996), for surviving a motion for summary judgment. Whereas a plaintiff need only allege ownership, registration, and infringement of a copyright in order to avoid dismissal, he needs to show ownership and copying of the constituent elements of the copyrighted work in order to avoid summary judgment. *Compare Sweet*, 953 F. Supp. at 227 with *Harris*, 92 F.3d at 519 and *Lee*, 925 F. Supp. at 578.

infringed, the court noted that the "dismissal with respect to [the alleged copyright infringement claim] would normally be without prejudice to allow the plaintiff to plead sufficient facts." *Id.* at 230. I choose to follow this suggested course.[2]

Defendants' Motion to Dismiss is GRANTED. Plaintiffs' complaint is dismissed without prejudice but they are free to file an amended complaint correcting the aforementioned defect by January 2, 2003. Defendants will then have until January 23, 2002 to file a revised motion to dismiss or refile their old motion declaring that they are no longer relying on the misnomer as to the location of the infringing work. Plaintiffs will then have until February 6, 2003 to file a revised response or refile their old response. Defendants will then have until February 13, 2003 to file a revised reply or refile their old response. Because plaintiffs are free to file an amended complaint which may or may not sufficiently allege a copyright infringement claim, I refrain from addressing at this point whether the claim for unfair competition is preempted by the Copyright Act.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: 11 December 2002

---

[2] The court in *Sweet* did not follow its own suggested course because copies of the copyrighted material and alleged infringing material at issue demonstrated that the plaintiffs "could not in good faith allege infringement" of the copyrighted material. *Id.* That is not the situation here because there has not been enough factual development to make a finding on this matter.

4